Per Curiam.
—It was the intent of the makers of the statute (3 Rev. Stat. 6th ed. 736) that those who take a debtor’s real property, either as heirs or devisees, should be compelled to pay such debtor’s debts, if the property was sufficient in value ; and if it were not, that they should be compelled to pay his debts to the extent of the property which shall have descended, or shall have been devised, to them. If the heir or devisee shall have aliened (that is, transferred) any of the - said debtor’s property which descended, or was devised, to him before the commencement of the action against them to compel payment of the debt, he shall be personally liable for the value of the estate so aliened. Mrs. Magnes (one of the devisees) in her lifetime aliened a portion of the debtor’s real estate which had been devised to her. By so doing she made herself personally *311 liable to the value of the real estate sold. Her administrator, as such, is liable for the value of the estate so aliened. Certain other portions of the real estate devised to Mrs. Magnes descended on her death to the defendants, Charles A. Magnes, Mary E. Magnes, and Charles S. Magnes. They stand in the same position to the plaintiff that Mrs. Magnes stood. They have succeeded as well to her liabilities as to her rights. They are liable for the debts of Jacob Moore, whose real estate they hold, to the value of the real estate which has descended to them.
The report of the referee should be modified as above pointed out. It will be remitted to him to make a further report in accordance with the foregoing suggestions, with •costs to the appellant, to be paid out of the real estate.